**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**


**JERVONTAE COX**                                                                                       **PLAINTIFF**


**v.**                                          **Case No: 3:19-cv-00387-LPR**


**KEVEON DAY,** *et al.*                                                                       **DEFENDANTS**


## <u>ORDER</u>

Plaintiff Jervontae Cox ("Plaintiff"), in custody at the Crittenden County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  (Doc. 2).  Plaintiff is suing twenty-four Defendants, including numerous Blytheville Police Department officials, the Mississippi County Jail and several of its employees, a Mississippi County investigator, multiple judges, a prosecuting attorney, and defense attorneys.  (Docs. 2, 7, 10).  He is suing all Defendants in their personal and official capacities.

Plaintiff alleges that he was walking down the road when Blytheville Police Department Officer Keveon Day:

> pulled on the side of me got out the car, never said what was the cause of pulling aside me. "Officer" (Day) ordered me to put my hands up, pulld [sic] my shirt up, went straight for my upper body bare upper body.  Do to Officer (Day) pulling my shirt up, for an "illegal search." He found a handgun on my person, detained me, put me in the police car.

(Doc. 2 at 7).  Plaintiff further alleges that while he was in the police car, he was harassed by Detective Kemp and Officer Stigma, though he did not explain how he was harassed beyond alleging that Kemp and Stigma ordered him to hand over his cell phone up.  (*Id*. at 7-8).

Plaintiff states that "from that point I was arrested."  (*Id*. at 8).  He was taken to the Mississippi County Jail and charged with murder and "some other charges." (*Id*.).  He maintains

that he was unlawfully searched, arrested, and charged. (*Id*.). He seeks damages for the alleged violations of his rights. (*Id.* at 10-11).

After being charged, Plaintiff allegedly met with his attorney, John Barttelt, Blytheville Detective Jason Simpkins, and Lieutenant Vanessa Stewart. (Doc. 2 at 8). According to Plaintiff, Simpkins and Stewart offered him money in exchange for his testimony against "some guy." (*Id*. at 9). Plaintiff states that he declined the offer and at that point stopped talking to law enforcement. (*Id*.). Plaintiff alleges that he later met with Barttelt and Mississippi County Investigator Monica Harris, who asked Plaintiff if he wanted to take "a plea to get lesser time, as well to tell on some guy I don't know." (Doc. 10). Plaintiff believes his attorney "is working for the state" and brings an ineffective assistance of counsel claim. (*Id*.).

Plaintiff also brings a state law defamation claim, alleging that Blytheville law enforcement stated that he "was in a homosexual relationship." (Doc. 2 at 11). Additionally, Plaintiff complained about the conditions of his confinement, alleging he does not feel safe in the County Jail. (Doc. 12).

## I.     *In Forma Pauperis* **Application**

Plaintiff's IFP application (Doc. 6) is GRANTED. But Plaintiff must still pay the $350 filing fee.[1] Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court shall assess an initial partial filing fee of $11.16. If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the Administrator of the Crittenden County Detention Center shall withdraw from the account any portion of the

---

[1]Effective May 1, 2013, the cost for filing a new civil case is $400. The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

initial filing fee available, even if the account balance is under $10.00. Regardless of the balance in the account, the Administrator of the Crittenden County Detention Center shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Plaintiff's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level. *See* FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). A *pro se* complaint is construed liberally, but it still must contain specific facts supporting its conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**A.      Failure to State a Claim on Which Relief May Be Granted**

Plaintiff brought suit under 42 U.S.C. § 1983.  To state a claim for relief under Section 1983, a complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.  *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  "'Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff names twenty-four Defendants but makes factual allegations against only a handful of them: Day, Kemp, Stigma, Barttelt, Simpkins, Stewart, and Harris.  The Defendants against whom Plaintiff made no factual allegations will be dismissed without prejudice from this lawsuit for failure to state a claim upon which relief may be granted.  *See Twombly*, 550 U.S. at 555.  These dismissals are without prejudice.

Plaintiff sued the Mississippi County Jail, but the Jail is not a legal entity amenable to suit.  *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  Accordingly, the Mississippi County Jail will be dismissed from this action.  This dismissal is with prejudice.

**B.      *Younger v. Harris***

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from exercising jurisdiction over civil actions that challenge a plaintiff's ongoing state criminal proceedings.  The Court explained the rationale for such abstention as follows:

[The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44. Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id.* at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012); *Plouffe v. Ligon*, 606 F.3d 890, 892-93 (8th Cir. 2010).[1]

Plaintiff is currently incarcerated. He is awaiting trial in Mississippi County, Arkansas, on pending state criminal charges. (Doc. 2 at 6; Doc. 3); *State v. Cox*, 47BCR-19-287. In that state criminal case, Cox is charged with first degree murder, possession of firearms by certain persons, and tampering with physical evidence. *State v. Cox*, 47BCR-19-287. In the instant federal case, Plaintiff challenges the search, arrest, and charges in the state criminal case. (*See* Doc. 2). Based on Plaintiff's Complaint, Defendants Day, Kemp, and Stigma were involved in the challenged search and arrest, while Defendants Barttelt, Simpkins, Stewart, and Harris have attempted to make deals with him regarding the pending criminal charges. Under *Younger*, the Court must abstain from exercising its jurisdiction over federal claims related to the search, arrest, and charges.

When a plaintiff seeks damages, as in this action, his case should be stayed under *Younger* rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir.

---

[1] If these three elements are satisfied, the court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id.* at 779 (internal citation omitted). No extraordinary circumstances are at play here.

1998). Accordingly, Plaintiff's case will be administratively terminated until the criminal charges against him have been fully resolved, including any appeal. As ordered below, it is Plaintiff's responsibility to move to reopen the case once his state criminal case concludes.

###     C.     Unrelated Conditions of Confinement Claims

Plaintiff asks to add Defendants and a new allegation to his case. He filed a document titled "Motion for Summary Judgment" in which he alleges that an officer named Alex Droughn and an inmate named Eric Perkins "rushed" him. (Doc. 11). He also alleges that he feels unsafe in the Jail. (Doc. 12).[2] Different defendants may be sued together in one lawsuit if the claims arise from the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20(a)(2). But there does not appear to be any connection between Plaintiff's search, arrest, and charges claims and his conditions of confinement claims.

Plaintiff's conditions of confinement claims will be severed and dismissed without prejudice. *See* FED. R. CIV. P. 21.[3] Plaintiff may bring his conditions of confinement claims in a separate lawsuit if he wishes. If Plaintiff chooses to do so, however, he must allege in his Complaint specific facts showing a plausible claim of a constitutional violation. His current Complaint (including the Amendments he has filed) does not allege such specific facts.[4]

---

[2] It is a little unclear whether Plaintiff is speaking about the Mississippi County Jail, some other detention center, or both.

[3] Plaintiff's related Motion for Summary Judgment will therefore be denied without prejudice.

[4] The failure to allege such facts is an independent reason for dismissal without prejudice of the conditions of confinement claims. *See Twombly*, 550 U.S. at 555. It is also the principal reason that the Court chooses to sever and dismiss the conditions of confinement claims, as opposed to severing those claims and automatically creating a second case.

**IV. Conclusion**

It is, therefore, ORDERED that:

1.     Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 6) is GRANTED.

2.     The Clerk of the Court shall send a copy of this Order to the Administrator of the Crittenden County Detention Center, 350 AFCO Road, West Memphis, Arkansas 72301.

3.     The following Defendants are dismissed without prejudice from this case: Shannon Langston; Johnathon Frazier; Teri Looney; Kimberly Sigman; Michael Zwerlein; Chelsy Grimes; Darla Atchely; Melinda Diaz; James Kemp; Leann Norman; Ronnie McShan; Curtis Walker; Leslie Mason; John Bradley; Ross Thompson; Cindy Thyer.   The Mississippi County Jail is dismissed with prejudice.

4.     Plaintiff's conditions of confinement claims are severed and dismissed without prejudice.

5.     Plaintiff's Motion for Summary Judgment (Doc. 11) is DENIED.

6.     This case shall be administratively terminated.  Plaintiff can move to reopen this case after final disposition of his state criminal case, including any appeal.  Any motion to reopen must be filed **within sixty days of that final disposition**.  If Plaintiff does not file a timely motion to reopen **within sixty days of that final disposition** or a status report by March 1, 2021 (if the state criminal case is not completed by then), then the Court will reopen the case and dismiss it without prejudice.

IT IS SO ORDERED this 20th day of February 2020.

_____
UNITED STATES DISTRICT JUDGE